Willie L. STRAIN, et al., Plaintiffs,

United States of America,
Plaintiff–Intervenor,

v.

William V. MUSE, as President
of Auburn University, et
al., Defendants.

Civil Action No. CV–840–E.

United States District Court,
M.D. Alabama,
Eastern Division.

Sept. 18, 1996.

---

Solomon S. Seay, Jr., Montgomery, AL, for Plaintiffs.

Redding Pitt, Kenneth Vines, Montgomery, AL, Deval Patrick, Marybeth Martin, John J. Hoeffner, Civil Rights Division, Employment Litigation Section, U.S. Department of Justice, Washington, DC, for USA.

Fred D. Gray, Fred D. Gray, Jr., Tuskegee, AL, for James L. Smith.

J. Knox Argo, Montgomery, AL, Thomas D. Samford, III, Office of General Counsel, Auburn University, AL, J. Dorman Walker, Jr., Montgomery, AL, John P. Scott, Jr., Edward S. Allen, Birmingham, AL, Lee Armstrong, General Counsel, Auburn University, Auburn, AL, Joe R. Whatley, Jr., Braxton Schell, Jr., Peter H. Burke, John Falkenberry, Birmingham, AL, for Defendants.

## *ORDER*

ALBRITTON, District Judge.

On June 13, 1996, this court entered an order for all parties to show cause why this case should not now be dismissed, since the entity which was the subject of this litigation has now been abolished and replaced by a new entity. The Defendants have agreed that the case is due to be dismissed, the Plaintiffs have objected, and the Intervenor, United States of America, has responded that it has no objection. For the reasons stated hereafter, the court is of the opinion that this 26–year old case is due to be brought to an end and dismissed.

This case was originally filed on May 25, 1970. It was filed as a class action challenging racially discriminatory policies and practices of the Alabama Cooperative Extension Service (ACES), the state-wide agricultural service operated by Auburn University. The United States was allowed to intervene as a party plaintiff on August 5, 1970. On September 1, 1971, the court found pervasive discrimination against African–Americans in the employment practices of ACES and entered a detailed decree prohibiting discrimination and prescribing procedures designed to prevent discrimination in the future. By order of June 11, 1976, the court approved a reorganization plan for ACES and required the Defendants to submit semi-annual reports describing ACES's efforts toward achievements in complying with the requirements of the order. On June 27, 1996, the Defendants filed their 40th semi-annual report—the last of 20 years of reports to this court.

Through the years, ACES became a fully desegregated organization. The professional staffs of all counties and the support staffs of all counties except one have been integrated. That county has not had a clerical vacancy since 1972. County and District support staffs are approximately 39% black, county agent staff 40% black, and County Agent–Coordinators 23% black. The state-level administrative staff is 56% black. The individual responsible for overseeing ACES's operations and the nationwide search for a new ACES Director, the Associate Director for Human Resources who oversees 82% of the total budget, the Assistant Director for Youth Programs, the Assistant Director for Communications, the Affirmative Action Program Officer, and the Extension Assistant to

the Director for Marketing Relations are all black.

In August, 1995, there were no claims of any form of continuing racial discrimination within ACES pending before the court.

On August 1, 1995, the United States District Court for the Northern District of Alabama (Murphy, J.) entered a remedial decree in the comprehensive state-wide litigation involving the desegregation of Alabama's institutions of higher education. *Knight v. State of Alabama,* 900 F.Supp. 272 (N.D.Ala.). One portion of that order, at page 233, effectively abolished the Alabama Cooperative Extension *Service,* which was the subject of this lawsuit, by merging it into a new System, stating:

> Alabama shall have a single, state-wide cooperative extension System that unifies the efforts of Auburn University and Alabama A & M University into one organization to be known and identified as the Alabama Cooperative Extension *System* (ACES) to operate as the outreach organization for the land grant function of these universities. (Emphasis added)

■ The *Knight* decree, in order to avoid conflict in implementing the new system with any outstanding orders which might be binding on Auburn University in this case, directed Auburn University to present the matter to this court and seek such action as would authorize an early implementation of all personnel matters impacted by the *Knight* decree. This court entered orders accomplishing that, and the new system is now being organized under the supervision of the *Knight* court. Therefore, as matters presently stand, this case involves employment practices of an entity which was supervised by this court for 26 years, but which no longer exists. The Plaintiffs urge the court to convert this case to one which would now supervise the employment practices of a completely new entity, the Alabama Cooperative Extension *System.* The court cannot, and should not, do so.

All litigation must have an end. Keeping this case open would not only require the court to bring in a new Defendant, Alabama A & M University, so that the court could begin to exercise supervision over a new entity which has never been before the court in this case, but it would also do violence to basic concepts of federalism.

■ It is not appropriate for a federal court to assume the role of permanent overseer of state functions. The entity which was the subject of this suit, and which was guilty of racially discriminatory employment practices, the Alabama Cooperative Extension Service operated by Auburn University, no longer exists. A new entity has been created, the Alabama Cooperative Extension System operated by Auburn University and Alabama A & M University, and the *Knight* court is supervising its organization. The *Knight* decree mandates that this new entity's employment practices conform with orders previously issued in this case.

There is simply no reason for this case to remain open. This court will presume that the new Alabama Cooperative Extension System will be operated by Auburn University and Alabama A & M University in accordance with law. If it is not, any person aggrieved by the employment practices of this new entity may file a new lawsuit and that person's grievances will be heard. There is no legitimate purpose to be served by keeping the case open, with this federal court looking over the shoulders of two state universities and their new entity, just in case a violation of federal law occurs sometime in the future.

Twenty-six years is long enough. Through the laudable efforts of Plaintiffs and their counsel, a racially discriminatory agricultural extension service which existed in 1970 has been desegregated, and it has now been replaced by a new entity under new control. This new system, once organized under the supervision of the *Knight* court, should be allowed to begin its operations with a clean slate. This litigation is now due to be terminated and this case dismissed. Accordingly, it is hereby ORDERED as follows:

1. The Motion to Intervene filed by Alabama A & M University is DENIED as moot.

2. This suit is DISMISSED, with costs and attorneys' fees taxed against the Defendants.

3. Defendants' and Plaintiffs' counsel are given until October 7, 1996, to agree upon the matter of costs and attorneys' fees and to file a notice with the court that such an agreement has been reached. In the event no agreement can be reached, Plaintiffs' attorney may file a claim at that time, and Defendants will be given until October 18, 1996, to respond, at which time the claim will be taken under submission for determination without oral argument.